| | |
|---|---|
| WAYNE EDWARDS,<br><br>       Plaintiff<br><br>VS.<br><br>JERRY LANCASTER, *et al.*,<br><br>       Defendants | NO. 5:04-CV-422 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff WAYNE EDWARDS is an inmate in the custody of the state of Georgia. He has sued defendants JERRY LANCASTER, SHERIFF, and PULASKI COUNTY alleging that the defendants violated his constitutional rights while he was incarcerated at the Pulaski County Jail in Hawkinsville, Georgia.[1]

Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Specifically, plaintiff alleges that on August 13, 2003, defendant Lancaster allowed Mr. Robert Ross to sign plaintiff out of the jail for the purpose of employing him that day. Early on the evening of that same day, Mr. Ross took plaintiff to the emergency room for bruises and a broken finger sustained when plaintiff fell off the back of a moving pick-up truck. Plaintiff alleges that following his fall, the defendants refused to provide him with any follow-up medical care and made him pay the emergency room bill.

Before the court is the defendants' **MOTION TO DISMISS OR IN THE ALTERNA-TIVE MOTION FOR SUMMARY JUDGMENT.** Tab #12. The motion is supported by a brief and affidavits. The plaintiff has filed a response to the defendants' motion. *See* Tabs #18 and #19.[2] In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response.

---

[1] At the time of the incident in question, plaintiff had had his probation revoked.

[2] Plaintiff titles Tab #19 as a Motion for Summary Judgment. A review of said document shows that it is really a response to the defendants' motion. However, out of an abundance of caution, the undersigned ordered the defendants to file a response. Tab #20. The defendants have complied with the court's order. Tab #21.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[3]

## DISCUSSION
### 1. Eleventh Amendment Immunity

The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. *Lassiter v. Alabama A & M University*, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in §1983 cases. *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). Thus, if the state involved has not waived its immunity, the Eleventh Amendment bars a §1983 suit against that state. *Cross v. State of Ala.*, 49 F.3d 1490 (11th Cir.1995).

§1983 suits against that state's government departments would be similarly barred, as well. *Id.* at 1503. Whether an entity is a department or organization of the state, and entitled to Eleventh Amendment immunity, depends upon its functions and characteristics as determined by state law. *Id.*

The Eleventh Amendment also bars §1983 suits against state officials in their official capacities, because in such a case, the state is considered the real party in interest since an award of damages would be paid by the state. *Id.* However, the Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief. *Id.* Nor does it preclude a damages award against officials in their individual capacities. *Id.*

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

In Georgia, counties are not liable for any cause of action unless specifically made so by statute. *See* O.C.G.A. §36-1-4. Further, as Sheriff of Pulaski County, defendant Lancaster is entitled to Eleventh Amendement Immunity for claims against him in his official capacity. *See Manders v. Lee*, 338 F.3d 1304 (2003). Therefore, Pulaski County and defendant Lancaster must consent to be sued, or there must be a valid congressional override to Eleventh Amendment immunity. Because Pulaski County and defendant Lancaster have not consented to being sued in this case and because there is no congressional override, they are entitled to Eleventh Amendment immunity.

## 2. Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In satisfying his burden of showing that the right was clearly established, the plaintiff cannot point to sweeping propositions of law and simply posit that those propositions are applicable. Instead, the plaintiff must draw the court's attention toward a more particularized and fact-specific inquiry, that there existed sufficient case law establishing the contours of the plaintiff's constitutional rights such that the unlawfulness of the defendant's conduct would have been apparent to a reasonable official in the same circumstances.

The facts of the case cited need not be the same as the facts of the immediate case. However, they do need to be materially similar. Officials are not required to be creative or imaginative in drawing analogies from previously decided cases. In other words, for qualified immunity to be surrendered, preexisting law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances. *Belcher v. City of Foley, Ala.*, 30 F.3d 1390 (11th Cir.1994) (citing *Lassiter v. Alabama A&M Univ.*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)).

A necessary concomitant to the decision of whether a defendant is entitled to qualified immunity is the determination of whether the plaintiff has asserted the violation of a constitutional right at all.  *Siegert v. Gilley*, 500 U.S. 226 (1991).[4]

A review of the materials in this file, including the materials submitted by the defendants in their motion for summary judgment, reveals that the plaintiff has failed to allege that his constitutional rights were violated by defendant Lancaster.  The plaintiff alleges that defendant Lancaster allowed him to leave the jail to work for his former employer.  Plaintiff also claims that he was denied necessary follow-up medical treatment after he was seen at the emergency room following his fall from the back of truck.[5]

In the undersigned's view, plaintiff has failed to establish a violation of his constitutional rights by defendant Lancaster.  The record indicates that defendant Lancaster was merely doing his job and was acting within his discretionary authority by allowing plaintiff to temporarily leave the jail to work. Further, plaintiff was given all medications as well as all follow-up care after his accident. Moreover, the plaintiff has not shown that defendant Lancaster's conduct violated a clearly established right of which a reasonable person would have known.  *See Lassiter*, 28 F.3d at 1149 (11th Cir. 1994).  Therefore, the plaintiff has failed to overcome the defense of qualified immunity and defendant Lancaster is entitled to summary judgment.

---

[4] The Eleventh Circuit, as noted in *Spivey v. Elliot*, 29 F.3d 1522, 1524 (11th Cir. 1994), has adhered to this approach in a number of cases. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Burrell v. Board of Trustees of Georgia Military College*, 970 F.2d 785, 792 (11th Cir. 1992) ("Without a constitutional violation, there can be no violation of a clearly established right."); *Bennett v. Parker*, 898 F.2d 1530, 1532 (11th Cir.1990) ("If the facts taken in the light most favorable to the plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law.").

[5] According to Robert Ross's affidavit, the medical bill is the subject of a suit against him individually. *See* Tab #22.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT (Tab #12) be **GRANTED** to the extent that summary judgment be granted to the defendants.   IT IS FURTHER RECOMMENDED that plaintiff's motion seeking summary judgment, if indeed that is his intention, be **DENIED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 27th day of JUNE, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE